FILED

2018 JUL 10 PM 4: 14

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT |
| Plaintiff, | ) ) | JUDGE LIOI |
| v. | ) ) | CASE NO. 1:18 CR 364 |
| JAMI M. BRADEMEYER, | ) ) | Title 18, Sections 641 and 1920, United States Code |
| Defendant. | ) ) | |

GENERAL ALLEGATIONS

At all times material herein:

1. The Office of Workers' Compensation Programs, United States Department of Labor, administered the benefits program under the Federal Employee's Compensation Act (FECA), Chapter 81 of Title 5, United States Code.

2. Employees of the United States Postal Service ("USPS") who were disabled due to occupational injury received compensation benefits under the FECA.

3. All payments under the FECA to disabled USPS employees were financed, in part, by funds of the USPS.

4. Defendant JAMI M. BRADEMEYER was a resident of Parma Heights, Ohio, in the Northern District of Ohio, Eastern Division.

5. Defendant was an employee of the USPS receiving disability benefits under the FECA, receiving more than $1,000 in benefits each month. Defendant began working as a City Carrier Assistant at the Cleveland Heights, Ohio, Post Office in the Northern District of Ohio, Eastern Division, in or around March 2014. She began receiving these disability benefits after reporting that she injured herself while on duty on or about September 2, 2014, which was her last day of work for the USPS. In or around August 2015, while Defendant was out of work and receiving disability benefits, Defendant became a Carrier Technician at the Lakewood, Ohio, Post Office.

6. While receiving disability benefits, Defendant had a duty to report improvements in her medical condition to her physician and to the United States Department of Labor.

7. Beginning on or about June 3, 2016 and continuing through on or about November 12, 2016, in a continuing course of conduct, Defendant received, retained, and endeavored to receive and retain compensation benefits to which she was not entitled, namely, FECA compensation benefits belonging to the United States Department of Labor.

8. As part of this continuing course of conduct, Defendant failed to disclose and materially misrepresented to the United States Department of Labor and the USPS her physical capabilities, and falsely certified her entitlement to compensation benefits.

9. On or about October 25, 2016, in or around Cleveland, Ohio, in the Northern District of Ohio, Eastern Division, Defendant submitted a Current Medical Assessment Evaluation ("CMAE") form to the USPS. The CMAE form required Defendant to certify that the information provided was true and correct and to acknowledge that failing to report information that would have an effect on any benefits, or knowingly making a false statement or representation to obtain compensation benefits, could subject Defendant to criminal prosecution.

Defendant made the following statements to the USPS on the CMAE, well knowing that each one was false:

    a.    Question 10 asked: "Does your accepted medical condition limit your daily activities? If so, please describe." In response to Question 10, Defendant stated that she was "unable to walk long distances" and that she "went from walking 10 miles a day to less th[a]n ½ miles."

    b.    Question 12 asked: "Has your accepted medical condition prevented you from enjoying any hobbies, recreational activities, or social activities you were able to participate in prior to your injury? If so, please describe." In response to Question 12, Defendant stated she "can no longer walk on uneven ground without lots of pain."

    c.    Question 21 asked, in relevant part: "Please check the box in section 'A' which best describes your average abilities over the past month." In response to Question 21, Defendant stated that she had "Significant Difficulty" with "Driving a motor vehicle," and stated that she "Cannot Perform" the task of "Walking outdoors on uneven ground."

10.    On or about October 25, 2016, in or around Cleveland, Ohio, in the Northern District of Ohio, Eastern Division, Defendant met with an individual she understood to be a representative of the USPS who was reviewing her disability claim. In that meeting, Defendant made the following statements to the USPS, well knowing that each one was false:

    a.    Defendant stated that she had not taken any vacations or stayed overnight away from home in the preceding 6 months.

    b.    Defendant stated that she has significant difficulty driving longer than 30 minutes and that the longest she had driven in the preceding 6 months was 30 minutes.

  c. Defendant stated that the farthest she had driven in the preceding 6 months was from her residence to Mentor, Ohio.

  d. Defendant stated that the farthest she had walked over the preceding 6 months was when she was grocery shopping for approximately one hour.

<u>COUNT 1</u>
(Theft of Government Property, in violation of 18 U.S.C. § 641)

The Grand Jury charges:

  11. Paragraphs 1 to 10 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

  12. From on or about on or about June 3, 2016 and continuing through on or about November 12, 2016, in the Northern District of Ohio, Eastern Division, Defendant JAMI M. BRADEMEYER, in a continuing course of conduct, did knowingly and willfully steal, purloin and convert to her own use and the use of another, and without authority dispose of property of the United States exceeding $1,000 in value belonging to the United States Department of Labor, an agency of the United States, to wit: Federal Employee's Compensation Act benefits, in violation of Title 18, Section 641, United States Code.

<u>COUNT 2</u>
(False Statement and Fraud to Obtain Federal Employees' Compensation,
in violation of 18 U.S.C. § 1920)

The Grand Jury further charges:

  13. Paragraphs 1 to 10 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

  14. From on or about June 3, 2016 and continuing through on or about November 12, 2016, in the Northern District of Ohio, Eastern Division, Defendant JAMI M. BRADEMEYER,

in connection with the application for and the receipt of compensation, other benefits, and payment under the Federal Employee's Compensation Act, United States Code, Title 5, Chapter 81, Subchapter I, in excess of $1,000, did knowingly and willfully falsify, conceal, and cover up material facts and did knowingly make false, fictitious, and fraudulent statements and representations, to wit: Defendant concealed and falsely represented her physical capabilities, despite knowing at the time that the statements were false, in violation of Title 18, Section 1920, United States Code.

                                                        A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.